NORTHERN FIRE APPARATUS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8960. Promulgated April 2, 1928.

*Frank J. Albus, Esq., Clarence T. Lowell, Esq.*, and *Leslie C. Swift, Esq.*, for the petitioner.

*Brice Toole, Esq.*, for the respondent.

OPINION.

LOVE: The only question at issue in this proceeding is whether or not the certificates of the 450 shares of class A preferred stock of the corporation taken by Armatage and Campbell were in fact stock of the corporation or were evidences of indebtedness.

The use of the words "preferred stock" is not controlling. It is the substance of the thing dealt with and not what it is called that is important. If the transaction that brought into existence these "preferred stock" certificates, resulted in the creation of the relation of debtor and creditor, as regards the essential characteristics of that relation, then that relation exists, regardless of the name given those certificates. The foregoing proposition is so well established that we deem it unnecessary to cite authorities, except one from Minnesota, as evidence that the same doctrine prevails in that State. See *Booth* v. *Union Fiber Co.*, 162 N. W. 677.

The characteristics of stock of a corporation are evidence of a right to participate in the net profits of the corporation, proportionate to the stock held; the right to participate in the management of the corporation commonly designated as voting rights; the right to share, proportionately, in the distribution of net assets on liquidation of a corporation.

Preferred or special stock may possess any or all of the foregoing characteristics, and may, and usually does possess other features; that is, any lawful feature which the issuing corporation may see proper to insert. The charactertistics of a note, that is an evidence of indebtedness, are: A definite obligor; a definite obligee (either by name or by designation); a definitely ascertainable obligation; a time of maturity, either definite or that will become definite. It may possess other features such as provision for interest, attorney fees, security, etc.

An ordinary note, or bond of a corporation, possesses none of the elementary or ordinary characteristics of stock, as such.

However, in view of the doctrine known as the "freedom of contract" it may be that a corporation could incorporate in a bond *eo nomine*, rights and conditions, that would in fact render such bonds a certificate of stock. In a number of cases, certificates denominated stock certificates have been held to be in fact evidences of indebtedness and to all intents and purposes bonds.

The document in question, in each case, must be examined in reference to its own recitations, as well as in the light of circumstances and conditions that moved the parties to its execution and acceptance as those circumstances and conditions may aid in construing the expressed provision in the document, and its actual nature determined, and thus its legal status determined. In the instant case the certificates in question lacked one essential element of a bond, that is, evidence of indebtedness, to wit, a date of maturity either certain in terms or capable of being made certain by the holder. While they purported to grant a first lien on the assets of the corporation to secure their payment, we fail to discover any authority in the statutes of Minnesota to grant such a lien as would supersede the

rights of creditors. There is no evidence in the record to show that these certificates were registered in the recorder's office of the home county of the corporation to serve creditors with constructive notice of such lien, if any. It may be that the corporation intended that lien to take precedence over creditors and it may be that the holders thought they had such precedence, but what they thought about the situation is not controlling. The weight of authority is to the effect that preferred stock, in the absence of statutory authority, where the manner of its issuance and sale is prescribed, may not take precedence over creditors, either secured or unsecured. See Cook on Corporations, vol. 1, par. 271, and authorities there cited.

In law there are material differences between corporate stock and corporate bonds. Boards of directors are presumed to know those differences and when such board issues certificates, the name or designation given such certificates by the board of directors should be given effect, unless there is convincing evidence that the board did not say what it intended to mean, and further that what it intended to say is evidenced so clearly and publicly, that creditors will not be misled.

Reviewed by the Board.

*Judgment will be entered for the respondent.*